**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1. STEFANIE KEENE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-13-946-R |
| 1. BATTISON MOTORS, INC., | ) ) | JURY TRIAL DEMANDED ATTORNEY LIEN CLAIMED |
| 2. SAI OKLAHOMA CITY H LLC, d/b/a MOMENTUM HONDA NORTHWEST, | ) ) ) ) | |
| 3. SONIC AUTOMOTIVE, INC., | ) ) | |
| Defendants. | ) | |

## COMPLAINT

**COMES NOW THE PLAINTIFF** and hereby pleads her claims as follows:

## PARTIES

1. The Plaintiff is Stefanie Keene, an adult resident of Canadian County, Oklahoma.

2. The Defendants are:

   A. Battison Motors, Inc. (hereinafter "Defendant Battison"), a domestic company doing business in Oklahoma County, Oklahoma, which is the successor in interest to SAI Oklahoma City H, LLC and to the operations of Sonic Automotive, Inc., in Okahoma;

   B. SAI Oklahoma City H, LLC d/b/a Momentum Honda Northwest (hereinafter "Defendant SAI"), a domestic company doing business in Oklahoma County, Oklahoma, but owned and operated as an integrated enterprise with Sonic Automative, Inc.

   C. Sonic Automotive, Inc. (hereinafter "Defendant Sonic"), a company doing business in Oklahoma County, Oklahoma, and the owner/operator and integrated enterprise of SAI as set out above.

-1-

## JURISDICTION AND VENUE

3. Plaintiff's action is for gender (pregnancy) discrimination in violation of Title VII of the Civil Rights Act and Oklahoma's Anti-Discrimination Act, for interference with her FMLA rights and retaliation after Plaintiff requested FMLA qualifying leave in violation fo the FMLA and for failure to pay wages in violation of the FLSA and Oklahoma's Protection of Labor Act.

4. Jurisdiction over the federal claims is vested in this Court under 42 U.S.C. § 2000e-5(f), 29 U.S.C. § 216, 29 U.S.C. § 2617(a)(2) and 28 U.S.C. § 1331. The state law claims arise out of the same core of facts and jurisdiction over them is vested under 28 U.S.C. § 1367(c).

5. All of the actions complained of occurred in Oklahoma County, Oklahoma, and the Defendants may be served in that county. Oklahoma County is within the Western District of the United States District Court of Oklahoma and venue is appropriate in this Court under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

6. Plaintiff began employment around August 21, 2011 as a Customer Relations Manger for SAI.

7. SAI and Sonic operated as an integrated enterprise in that Sonic was the owner of SAI, supervised the operations of SAI, and handled all personnel issues for SAI.

8. On or around April 2012 Plaintiff notified Jamie Turner (General Manager) and Mike Rowden (Service Manager) that she was pregnant and explained that her baby was due around the last week of November or the first week of December, 2012, and that she would be exercising her FMLA leave rights at that time.

9. Although Plaintiff was not eligible to utilize FMLA leave in April, she was employed through August 21, 2012, and became eligible for FMLA leave in that she had worked for the Defendants for more than a year, had worked more than twelve hundred and

fifty (1250) hours during the past twelve months and had not used any FMLA leave.

10. Defendants Sonic and SAI were FMLA covered employers in that they had more than fifty (50) employees during at least twenty (20) weeks of each calendar year between 2011 and 2012, and who worked within seventy five (75) road miles of the facility where Plaintiff worked.

11. In September of 2012, after Plaintiff's FMLA eligibility accrued, Battison acquired SAI, the particular facility where Plaintiff worked, which owned and operated Sonic as an integrated enterprise.

12. Battison was a successor in interest to SAI/Sonic (Oklahoma) in that it acquired use of all of the land, buildings and equipment, and continued the same business operations, at the same location and using the same personnel except, to Plaintiff's knowledge, the general manager.

13. After Battison purchased SAI/Sonic (Oklahoma) Plaintiff, to her understanding, continued to work and was supervised by John Roland, general manager of Battison.

14. In early September and shortly prior to the purchase by Battison, Plaintiff was required to go on bed-rest due to complications with her pregnancy. Plaintiff was not offered and did not take FMLA leave during this time because Plaintiff was able to work full-time at home and did so with the permission of her prior supervisor.

15. Following Battison's acquisition, the new facility head (John Roland) met with Plaintiff's supervisor (Jamie Turner) and advised Mr. Turner that all employees including the Plaintiff would be retained except for Mr. Turner. Mr. Turner was asked to make that announcement throughout the facility.

16. Plaintiff came to the facility and met with her new supervisor John Roland. Mr. Roland asked the Plaintiff questions which included: 'How long are you going to be on maternity leave?' 'What are your plans after having the baby?' 'Do you plan on coming back to work?' Plaintiff advised that she expected to take a few weeks of

maternity leave and that she planned to return to work thereafter.

17. To Plaintiff's observation Mr. Roland appeared concerned about Plaintiff taking maternity leave.

18. Around the later part of September, Defendants notified the Plaintiff that she was terminated claiming they did not budget for her position.

19. Such reason is pretextual in that prior to learning that Plaintiff was on bed-rest and would need to take maternity leave in the future, Defendants had intended to retain all employees except Mr. Turner.

20. Prior to terminating the Plaintiff, Defendants did not provide the Plaintiff with any individualized notice of her FMLA rights.

21. At her termination, Plaintiff was not paid for several days she had worked for Defendants.

22. At her termination, Plaintiff's COBRA notification was issued by Sonic although she, to her understanding, was working for Battison and was a Battison employee. To the extent that Plaintiff was an employee of SAI/Sonic and Battison at the time of her termination, all of these entities would be liable for the wrongful termination of the Plaintiff.

23. Plaintiff gave birth on or about November 12, 2012, and would have returned to work without exhausting her allotted twelve weeks of FMLA time had she not been terminated.

24. Plaintiff's termination both constituted an interference with Plaintiff's known need to take FMLA leave and also retaliation for requesting such leave.

25. As a result of the Defendants' conduct, the Plaintiff has suffered, and continues to suffer, lost wages (including back, present and front pay along with the benefits associated with such wages), and emotional distress/dignitary harm including worry, frustration, anxiety and similar unpleasant emotions.

26. Plaintiff has exhausted her administrative remedies by timely filing EEOC charges against Defendants SAI and Battison on October 12, 2012. The EEOC has investigated Plaintiff's claims for more than 180 days. Plaintiff requested her right to sue letters for these claims on April 25, 2013, and has continued to request such letter. By doing so Plaintiff has taken all steps necessary to exhaust her Title VII claims against Defendants SAI and Battison. Sonic is on notice of such claims and exhaustion has been satisfied since it is part of an integrated enterprise with SAI. Although not required, Plaintiff also has filed a charge of discrimination against Sonic on or about June 26, 2013.

27. Defendants' conduct was motivated by Plaintiff's gender (status as pregnant), request for FMLA and intent to take FMLA leave. At the least, these factors comprised a mixture of motives such that Defendants are liable under the mixed motive doctrine.

## COUNT I

For this Count Plaintiff incorporates all prior allegations and further alleges.

28. Termination motivated by Plaintiff's gender including her status as a pregnant female, is a violation of Title VII and the OADA.

29. Under this Count Plaintiff is entitled to compensation for her lost wages (including back, present and front pay along with the value of benefits associated with such wages), emotional distress/dignitary harm and attorney fees and costs.

30. Because the actions of the Defendants were willful or, at the least, in reckless disregard for Plaintiff's federally protected rights, Plaintiff is entitled to an award of punitive damages.

31. Plaintiff asserts that the OADA damage caps are unconstitutional under Oklahoma's prohibitions against special laws, and that Plaintiff is entitled to the full range of normal tort damages including lost wages (including front pay), emotional distress damages and punitive damages.

## COUNT II

For this Count Plaintiff incorporates all prior allegations and further alleges.

32. The termination of Plaintiff's employment prior to her taking of FMLA maternity leave is an interference with Plaintiff's FMLA leave rights. Because the termination followed Plaintiff's announcement of her intention to take such leave, it is also in retaliation for the protected act of seeking leave.

33. Defendant's actions were a violation of Plaintiff's FMLA rights and are therefore willful as defined by the FMLA.

34. As a result of such interference and retaliation Plaintiff has suffered wage and benefit loss (past, present and future) for which she is entitled to compensation which also includes interest on the wage and benefit loss which accrues prior to trial.

35. Because Defendants' actions are willful, Plaintiff is entitled to liquidated damages, which is an amount equal to the value of the wages, benefits and interest thereon up through the date of trial.

## COUNT III

For this Count Plaintiff incorporates all prior allegations and further alleges.

36. Defendants' failure to pay Plaintiff for the wages she earned is a violation of both the FLSA and 40 O.S. § 165.2, *et seq*.

37. Under this Count Plaintiff is entitled to her unpaid wages and an additional amount of liquidated damages equal to her unpaid wages.

## PRAYER

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendants and grant her all compensatory damages suffered together with punitive damages, liquidated damages, attorneys' fees, costs and interest and such other legal and equitable relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED THIS 5th DAY OF SEPTEMBER, 2013**.

>HAMMONS, GOWENS, HURST
>& ASSOCIATES
>
>s/Amber L. Hurst
>Mark Hammons, OBA No. 3784
>Amber L. Hurst, OBA No. 21231
>HAMMONS, GOWENS, HUST
>    & ASSOCIATES
>325 Dean A. McGee Avenue
>Oklahoma City, Oklahoma 73102
>Telephone:  (405) 235-6100
>Facsimile:  (405) 235-6111
>Email: Amberh@hammonslaw.com
>*Counsel for Plaintiff*
>JURY TRIAL DEMANDED
>ATTORNEY'S LIEN CLAIMED